UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID M. KRUCHTEN,**<br>Petitioner,<br>v.<br>**ERIC RARDIN,**<br>Respondent, | **2:25-CV-13470-TGB-CI**<br>HON. TERRENCE G. BERG<br>**ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1)**<br>**AND DENYING AS MOOT THE MOTION TO EXPEDITE REVIEW (ECF NO. 10)** |

David M. Kruchten ("Petitioner"), incarcerated at a halfway house managed by the Chicago Residential Reentry Management Field Office of the Bureau of Prisons, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks relief from the Bureau of Prisons' ("BOP") determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) if he successfully completes a residential drug treatment program ("RDAP") due to his conviction for traveling in interstate commerce with a motivating purpose of engaging in illicit sexual conduct with another person, specifically production of child pornography, in violation of 18 U.S.C. § 2423(b). Petitioner in his reply brief also requests expedited review of his petition. For the reasons

that follow, the motion to expedite review is **DENIED AS MOOT**, and the habeas petition is **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Petitioner is a federal prisoner who is serving a 144-month sentence following his conviction in the United States District Court for the Western District of Wisconsin for attempting to produce visual depictions of minors engaging in sexually explicit conduct using hidden recording devices, in violation of 18 U.S.C. § 1466A, and traveling in interstate commerce with a motivating purpose of engaging in illicit sexual conduct with another person, specifically production of child pornography, in violation of 18 U.S.C. § 2423(b). ECF No. 7-2, PageID.81. Petitioner was sentenced on October 22, 2021. *See id.* Petitioner has been approved for release to a halfway house on August 5, 2026, which is where he is currently located. *See* ECF No. 10, PageID.235; https://www.bop.gov/inmateloc/?os=vb.&ref=app.

The BOP has determined that Petitioner's felony conviction for violating 18 U.S.C. § 2423(b) is a crime of violence under 28 C.F.R. § 550.55(a)(1) that renders him ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for three reasons. First, Petitioner's offense is considered a violent crime that precluded early release under Program Statement "5162.05 section 3.a." ECF No. 7-2, PageID.130. Second, the offense "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" under 28 C.F.R.

§ 550.55(b)(5)(iii). *Id.* And lastly, that the offense "by its nature and conduct involves sexual abuse offenses committed upon minors" under § 550.55(b)(5)(iv). *Id.*

Petitioner filed this habeas petition, claiming that the BOP misidentified his conviction for violating 18 U.S.C. § 2423 and, by virtue of that mistake, rendered him ineligible for early release under 18 U.S.C. § 3621(e). ECF No. 1, PageID.9. Petitioner argues that his conviction under § 2423(b) should not count as a conviction that would disqualify him from a sentence reduction that is otherwise available to inmates who successfully complete a residential drug treatment program. *Id.* at PageID.9–10. Petitioner also seeks expedited review of his petition, claiming that if he is successful in obtaining a one-year reduction in his sentence, he would be eligible to be released sooner to a halfway house or residential reentry center than the current date of August 5, 2026. ECF No. 10, PageID.235.[1]

## II. STANDARD OF REVIEW

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). "A district court has jurisdiction over a

[1] Although the Local Rules prohibit motions from being combined with any other stand-alone document, E.D. Mich. LR 7.1(i), the Court need not address that procedural error because the request is moot.

federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B)." *Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001).

In 1994, Congress passed the Violent Crime and Control Act of 1994 ("Act"). Part of the Act directed the BOP to make appropriate substance abuse treatment available for each prisoner the bureau determines has a treatable condition of substance abuse or addiction. 18 U.S.C. § 3621(b). As an incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

## III. DISCUSSION

As an initial matter, Respondent argues that Petitioner's claim is not ripe because he has not yet completed his drug treatment program. The successful completion of a drug and alcohol treatment program by a federal inmate is not a prerequisite to that inmate seeking judicial review of a BOP determination of prospective eligibility for sentence reduction under § 3621(e)(2)(B). *Perez*, 157 F. Supp. 2d at 793. And Petitioner has

since completed the program. ECF No. 11, PageID.241. Accordingly, Petitioner's claim is ripe for consideration. *Id.*

Under the provisions of § 3621(e)(2)(B) of Title 18 of the United States Code, and § 550.55(a)(1)(i) of Title 28 of the Code of Federal Regulations, only a federal inmate who has been convicted of a nonviolent offense is considered eligible for a one-year sentence reduction after completing a residential drug treatment program. The BOP, moreover, possesses the "discretion" to determine that other categories of inmates "are not eligible for early release." 28 C.F.R. § 550.55(b). Relevant to Petitioner's case, the BOP has exercised its discretion to exclude inmates with current felony convictions for "[a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another," and "[a]n offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors." *Id.*, § 550.55(b)(5).

In adopting this regulation, the BOP concluded that "sexual abuse offenses committed against minors exhibit a particular dangerousness to the public and often entail violent or threatening elements that resonate with victims and the community as a whole." *Drug Abuse Treatment Program: Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration*, 74 Fed. Reg. 1892-01, 1894 (Jan. 14, 2009). Accordingly, the Director of the BOP chose "to use

his discretion to exclude offenders of these offenses from early release consideration." *Id.* The BOP concluded:

> The Director's rationale was mirrored by the enactment of the Adam Walsh Child Protection and Safety Act of 2006 (Walsh Act). The Walsh Act specifically expanded the definition of "sex offense" to include "a criminal offense that is a specified offense against a minor" and to include all offenses by "child predators." Public Law 109-248, section 111, 120 Stat. 587, 591-92 (2006). The Walsh Act also expanded the National Sex Offender Registry by integrating the information in state sex offender registry systems to ensure that law enforcement has access to the same information across the United States. Section 113, 120 Stat. at 593-94; see also 2006 U.S.C.C.A.N. S35, S36. This evidences the intent of Congress to encompass any offense relating to minors that involves sexual conduct, and to limit public exposure, including early release opportunities, to inmates found to have these types of offenses in their backgrounds. We therefore deny early release eligibility to such inmates in conformance with Congressional intent and recognition of the seriousness of such offenses.

*Id.*

To further detail the scope of ineligible offenses, the BOP in Program Statement 5162.05 has categorized certain offenses as crimes of violence that render a federal inmate ineligible for a one-year sentence reduction, including convictions under 18 U.S.C. § 2423. Program Statement 5162.05 § 3.a (ECF No. 7-2, PageID.118).

In *Lopez v. Davis*, 531 U.S. 230, 238–43 (2001), the United States Supreme Court held that under § 3621(e)(2)(B), the BOP has the discretion to promulgate 28 C.F.R. § 550.58 and categorically deny early

release to prisoners whose current offense was a felony attended by the carrying, possession, or use of a firearm. *Lopez*, 531 U.S. at 238–43. The Court found that § 3621(e)(2)(B) did not limit the considerations that the BOP could use to guide its decisions involving the early release of inmates following completion of drug treatment. *Id.* at 242. And it held that the BOP was not required to make only individualized determinations or to consider only an inmate's postconviction conduct in making the determination regarding a prisoner's eligibility for a sentence reduction. *Id.* at 240, 243–44. In fact, the BOP is not even required to grant reductions to those who qualify; the Court recognized that the BOP has the authority, rather than the duty, to grant such reductions. *Id.* at 241

Petitioner was convicted of traveling in interstate commerce with a motivating purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b). Although there is limited case law, at least two courts have concluded that a conviction under § 2423(b) involves a crime of violence that precludes a federal defendant or inmate from receiving a one-year sentence reduction under § 3621(e) following the successful completion of a drug treatment program. *United States v. Dawson*, No. 5:13-CR-18, 2019 WL 2062516, at *1 (N.D. W. Va. May 9, 2019); *Purviance v. Maye*, No. 1:10-CV-255-LY, 2010 WL 3516193, at *1, *4 (W.D. Tex. Sept. 3, 2010), *appeal dismissed*, 439 F. App'x 377 (5th Cir. 2011).

Another judge in this district concluded that a federal inmate who had been convicted of attempting to travel in foreign commerce to engage in illicit sexual contact with a minor, in violation of 18 U.S.C. § 2423(e),[2] was ineligible for a one-year sentencing reduction after completing a drug treatment program because his conviction involved a crime of violence. *Koenemann v. Marberry*, No. 5:06-CV-10852, 2006 WL 1581431, at *1–3 (E.D. Mich. June 1, 2006) (O'Meara, J.). In so ruling, Judge O'Meara noted in passing that although the petitioner in that case was convicted of attempting or conspiring to violate subsection (a), (b), (c), or (d) of § 2423, "the statute treats attempts to violate subsections (a) through (d) in the same manner as a completed violation of those subsections." *Id.* at *3.

Accordingly, Judge O'Meara appears to suggest that a completed violation of § 2423(b) would likewise be considered a crime of violence for purposes of § 3621(e). Indeed, Judge O'Meara noted that the Ninth Circuit, in another context involving the sentencing guidelines, concluded that a conviction under 18 U.S.C. § 2423(b) is a violent crime. *Koenemann*, 2006 WL 1581431, at *3 (citing *United States v. Butler*, 92 F.3d 960, 963–64 (9th Cir. 1996)); *see also Hestand v. U.S. Dep't of Just.*, No. CIV. 2:08-CV-10822, 2008 WL 1925057, at *3 (E.D. Mich. May 1, 2008) ("Plaintiff's conviction under 18 U.S.C. § 2242(b), for using a

[2] The statute has now been amended and attempts to commit other acts under 18 U.S.C. § 2423 are now prohibited in subsection (f).

computer or the mails to attempt to persuade a minor to engage in illegal sexual acts, is a crime of violence. The mere attempt to engage in illicit sexual activity with a minor is sufficient to deem the offense a crime of violence.”). Thus, the weight of authority does not lean in Petitioner’s favor.

Petitioner argues that the Supreme Court’s recent *Loper Bright Enterprises v. Raimondo* decision leaves the BOP’s interpretation of § 3621 vulnerable, but that case does not entitle him to relief. 603 U.S. 369 (2024). Although this Court is required to “independently interpret the statute and effectuate the will of Congress subject to constitutional limits,” previous cases relying on *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, “are still subject to statutory *stare decisis* despite [the Supreme Court’s] change in interpretive methodology.” 467 U.S. 837 (1984), *overruled by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024); *Loper Bright*, 603 U.S. at 412 (emphasis in original). Thus, the Supreme Court’s reasoning in *Lopez,* which affirmed the BOP’s reading of § 3621(e)(2)(B) as a statutory grant of authority, must be applied by this Court. *Lopez*, 531 U.S. at 241.

Additionally, when Congress “confer[s] discretionary authority on agencies,” courts must “respect such delegations of authority.” *Loper Bright*, 603 U.S. at 404. The Supreme Court has already determined that the BOP “has the authority, but not the duty, both to alter the prisoner’s conditions of confinement and to reduce his term of imprisonment.”

*Lopez*, 531 U.S. at 241. That being the case, the BOP is not under any obligation to grant a one-year reduction in sentence, and Petitioner is not entitled to habeas relief on his claim.

## IV. CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus (ECF No. 1) brought pursuant to 28 U.S.C. § 2241 is **DENIED** and **DISMISSED WITH PREJUDICE**. His Motion for Expedited Review (ECF No. 10) is **DENIED AS MOOT**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant Petitioner leave to appeal in forma pauperis, that is, without prepaying the filing fees that would ordinarily apply, because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**SO ORDERED.**

Dated: October 26, 2026

s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE